THE STATE OF MISSOURI, Respondent, *v.* HENRY C. WHITE, Appellant.

1. *Crimes—Assault.*—No person can be convicted of the attempt to commit a crime, or of assault with intent, if the crime was actually committed. (R. C. 1855, p. 637.)
2. *Evidence—Character.*—The character of a witness may be impeached by general evidence of reputation, but not by evidence of particular acts.

*Appeal from St. Louis Criminal Court.*

*L. M. Shreve,* for appellant.

If the proof shows anything, it proves a rape; the jury return that it is no rape, but an assault to commit one. The second section of Crimes and Punishments (R. C. 1855, p. 637) declares, "That no person shall be convicted of an assault with intent to commit a crime, or of any other attempt to commit any offence, when it shall appear that the crime intended, or the offence attempted, was perpetrated by such person at the time of the assault, or in pursuance of such attempt."

In the face of the proofs that the offence was perpetrated, the jury find it was only attempted.

Can it be that particular acts of lewdness are not proper subjects of inquiry? Upon general principles, I am aware that authors on evidence say that general character is the subject of inquiry; but in this class of cases, I venture no author has undertaken to restrict this testimony who understands himself on the subject.

*J. P. Vastine,* for respondent.

The jury are the sole judges of the facts; some of the testimony goes to sustain the first count of the indictment, and other of the testimony to sustain the second. If either count is proven, it is the duty of the jury to designate it. To sustain the ruling of the court below upon the question as to a particular act of unchastity, I refer the court to the case of McCombs v. The State, 8 Ohio, 643.

BAY, Judge, delivered the opinion of the court.

State v. White.

At the May term, 1864, of the St. Louis Criminal Court, the defendant was indicted for a rape alleged to have been committed on the person of one Margaret Kessebring, over the age of twelve years. The indictment contained a count, also, for an assault with intent to commit a rape. The principal witness examined by the State was the said Margaret Kessebring, whose testimony was of such a character as to call for the utmost caution on the part of the jury. But if full faith and credit are to be given to her statement, then the act was fully consummated, and the jury were not warranted, under our statute, in convicting the defendant of an assault with intent to commit a rape.

By the 2d section of the 9th art. of our act relating to crimes and punishments, it is provided that, "No person shall be convicted of an assault with intent to commit a crime, or of any other attempt to commit any offence, when it shall appear that the crime intended, or the offence attempted, was perpetrated by such person at the time of such assault, or in pursuance of such attempt." (1 R. C. 1855, p. 637.) For this reason the verdict must be set aside and a new trial awarded.

Another question raised by the record relates to the admissibility of evidence. The defendant undertook to prove by one Alton Long, particular acts of lewdness on the part of the prosecutrix, but the court refused to receive such evidence, and this is assigned also as error.

We see no objection to this ruling of the court. The doctrine is well maintained that in cases of this kind the character of the prosecutrix for chastity may be impeached, but this must be done by general evidence of her reputation in that respect, and not by evidence of particular instances of unchastity, for it is not to be presumed that she can come prepared to meet evidence of particular facts. (3 Greenl. § 214; 1 Phillips, 762; Ros. Crim. Ev. 710; McCombs v. The State, 8 Ohio, n. s., 643.)

Judge Dryden concurring, the judgment will be reversed and the case remanded for a new trial.