THE STATE v. LACEY, *Appellant.*

Division Two, October 4, 1892.

1. **Criminal Law:** RAPE: CONSENT. Sexual intercourse with a female under the age of fourteen years, irrespective of her consent, constitutes rape.

2. ———: ATTEMPT TO RAPE: COMMISSION OF INTENDED CRIME. A conviction of an assault with intent to ravish is erroneous where the evidence discloses the perpetration of the intended crime. (Revised Statutes, 1889, sec. 3941.)

*Appeal from Cape Girardeau Circuit Court.*—HON. H. C. O'BRYAN, Judge.

REVERSED AND REMANDED.

*J. B. Dennis* and *R. P. Wilson* for appellant.

(1) The refusal of the court to grant a continuance on account of the absence of John G. Juden (who had been subpœnaed but was sick in bed), a material and a very material witness, was undoubted error. (2) The court erred in failing to give an instruction as to previous good character of defendant. It is the duty of the trial court to give all necessary instructions. *State v. Palmer*, 88 Mo. 568; *State v. Banks*, 73 Mo. 592. And where it fails to do so it constitutes reversible error. *State v. Banks*, 73 Mo. 592. And in *State v. Branstetter* this court holds that it is error if the court fails to declare the whole law applicable to the case made by the evidence. *State v. Branstetter*, 65 Mo. 149. (3) Defendant was indicted for an assault with intent to ravish, etc. The testimony of the prosecuting witness showed that the act was accomplished, and this was such a variance as to materially affect the rights of plaintiff, and should have been excluded. (Defendant objected to this testimony at the time.) *State v. English*, 67 Mo. 136. The testimony of the prosecuting witness, if true, proved a capital offense. Revised Statutes, 1889, sec. 3480. And the variance between that and the offense is material. Revised Statutes, 1889, secs. 3489, 3490. And this is not affected by section 4114 of our statutes. It is respectfully submit-

ted that that provision of section 4115 of the Revised Statutes of 1889, which says: "No indictment or information shall be deemed invalid, etc.,   *   *   * because the evidence shows, or tends to show, him to be guilty of a higher degree of the offense than that of which he is convicted," violates sections 22 and 12 of the bill of rights declared by the sovereign people of Missouri.

*John M. Wood,* Attorney General, for the State.

(1) No error was committed in overruling the application for a continuance. To the overruling of the first application, there were no exceptions saved. There is no authority for amending an application for a continuance after the original has been overruled. The latter affidavit fails entirely to show due diligence, especially does this appear when it is considered that the case had been pending for over a year. (2) The affidavit and proceedings before the justice of the peace could certainly have had no bearing on the case, and we are at a loss to know for what purpose defendant could have offered them. They were wholly immaterial and properly excluded. (3) We have been unable to find that any error whatever was committed by the court with respect to the admission or exclusion of evidence. (4) The instruction complained of was not erroneous, as in the actual ravishment of a female under the age of consent by having carnal knowledge of her person, whether with or without her consent, is included the felonious assault, and a conviction may be had for the lesser offense. *State v. Frank,* 103 Mo. 120. (5) The fact that the court did not instruct as to the character of defendant is not error. Defendant should have asked an instruction if he desired one upon a collateral question like this. *State v. McNamara,* 100 Mo. 100.

THOMAS, J.—The defendant was indicted in January, 1891, in the circuit court of Cape Girardeau county, for an assault with intent to ravish a female under the age of fourteen years, was found guilty thereof upon trial had, and sentenced to imprisonment in the penitentiary for a term of three years, and the case is before us on appeal.

The evidence on the part of the state shows that if any crime was committed it was rape, and not an assault with intent to commit rape. Ada Bush, the prosecutrix, testified that she was thirteen years old at the time of the alleged commission of the offense, and that defendant had sexual intercourse with her. She being under fourteen years of age, this constituted rape, whether she consented or not. Revised Statutes, 1889, sec. 3480; *State v. Houx*, 109 Mo. 654; *State v. Baskett, ante,* p. 271.

This being the case, the conviction and sentence for an assault to commit rape must be set aside under section 3941, Revised Statutes, 1889, which provides that "no person shall be convicted of an assault with intent to commit a crime, or of any other attempt to commit any other offense, when it shall appear that the crime intended or the offense attempted was perpetrated by such person at the time of such assault or in pursuance of such attempt." This court in *State v. White,* 35 Mo. 500, which in all essential particulars is similar to the case in hand, in construing this section, held that a conviction for an assault with intent to ravish could not be sustained where the evidence shows the perpetration of the crime intended or attempted. This section is not in conflict with section 3949 of our criminal code authorizing a conviction for any degree of the offense inferior to that charged in the indictment; nor with section 3950 authorizing a conviction for a less offense where the

charge is for an assault with intent to commit a felony, and authorizing the jury in all cases to find the accused guilty "of any offense, the commission of which is necessarily included in that charged against him." In view of the two sections last cited, we see no reason for the existence of section 3941, *supra*, but that is no reason why this court should nullify or ignore it. *Ita lex scripta est.*

The judgment will be reversed, and there being reasonable ground to believe that defendant can be convicted of rape if properly charged, the case is remanded in order to enable the prosecuting attorney to take the matter before the grand jury again, if he so desires. Secs. 4274, 4275; *State v. Wacker*, 16 Mo. App. 417.