## THE STATE v. BELL, Appellant.

### Division Two, March 6, 1906.

RAPE: Consummated Crime: Conviction of Attempt. Where the evidence shows that the offense of rape was fully consummated, the defendant cannot be convicted of an assault with intent to commit a rape.

Appeal from Shannon Circuit Court.—*Hon. Wm. N. Evans,* Judge.

REVERSED AND REMANDED.

*L. B. Shuck* and *James Orchard* for appellant.

A conviction of an assault, with intent to ravish, is erroneous, where the evidence discloses the perpetration of the intended crime. State v. Lacey, 111 Mo. 513; sec. 2361, R. S. 1899; State v. Scott, 172 Mo. 543.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

Defendant was charged with the crime of rape; but, prior to the last trial, the prosecuting attorney elected to try him on the charge of assault with intent to rape. An entry to that effect was made of record, defendant was re-arraigned and pleaded not guilty to that charge. By the action of the prosecuting attorney the State was deprived of the right to longer prosecute defendant for the greater charge, and he was therefore only in jeopardy for the lesser offense. R. S. 1899, secs. 2369, 2370. On the subject of the conviction of one of assault with intent to rape, when charge alleged that he had been guilty of rape: State v. Scott, 172 Mo. 545; State v. Dalton, 106 Mo. 470.

GANTT, J.—On February 18, 1904, the prosecuting attorney of Shannon county filed information in the office of the clerk of the circuit court of said county, duly verified, wherein he charged the defendant with having on the 20th of January, 1904, at the county of Shannon, in and upon one Alice Nichols, a female child under the age of fourteen years, unlawfully, violently and feloniously made an assault, and her, the said Alice Nichols, then and there unlawfully and feloniously did carnally know and abuse, against the peace and dignity of the State. The defendant was arrested, and at the March term, 1904, of said court was duly arraigned and pleaded not guilty. A trial was had at said March term, which resulted in a mistrial. At the September term, 1904, of said court, defendant was again put upon his trial and another mistrial resulted. At the March term, 1905, the prosecuting attorney elected to prosecute defendant for an assault with intent to commit a rape, and thereupon defendant was re-arraigned and pleaded not guilty, and on this charge defendant was at said term tried and convicted of an attempt to rape and his punishment assessed at two years in the penitentiary.

Motions for a new trial and in arrest of judgment were duly filed, heard and overruled, and appeal granted to this court.

It would serve no good purpose to spread upon the reports of the decisions of this court the evidence adduced on the trial. It is sufficient to state for the purpose of our judgment that the question presented in this record is whether the testimony fairly considered is open to the contention of the State that whether the evidence established the completed offense of rape, or was merely an assault with intent to commit a rape, was doubtful, and therefore it was proper for the court to instruct on assault alone, as it did, or whether, as insisted by counsel for defendant, the testimony established, if anything, a fully consummated crime of rape. We have carefully considered all the evidence in this case and have reached the conclusion that without the testimony of the prosecutrix there could have been no conviction of either rape or assault to commit a rape, and, if her evidence is to be credited, then the offense of rape was fully perpetrated within the meaning of the law and our adjudications. Moreover, the medical testimony strongly confirmed this view of the testimony of the prosecutrix. We had occasion in State v. Scott, 172 Mo. 536, to construe our statutes on the subject of rape and assault to commit rape, in connection with section 2361, Revised Statutes 1899. The facts in that case were very similar to those appearing in this record. Section 2361, Revised Statutes 1899, provides: "No person shall be convicted of an assault with an intent to commit a crime, or of any other attempt to commit any offense, when it shall appear that the crime intended or the offense attempted *was prepetrated* by such person at the time of such an assault or in pursuance of such attempt." As was said in State v. Scott, supra, "This section is unquestionably a modification of the common law in criminal cases as announced by Wharton (1 Wharton's Crim. Law, sec. 641), in which he lays it

down that on an indictment for a major offense there may be a conviction of a minor, for the reason that the State may elect to prosecute for the minor offense provided always the minor is included in the major, and falls within the allegations of the indictment, and in many States it has beeen expressly ruled that an assault with intent to commit a rape is included in every rape, and a defenddant may be convicted of an assault to commit rape, though the proof establishing the offense of rape was complete. [People v. Miller, 96 Mich. 119; Hall v. People, 47 Mich. 636; State v. Shepard, 7 Conn. 56; Com. v. Cooper, 15 Mass. 187; Polson v. State, 35 N. E. 907.]'' This section ( 2361) has been construed by this court in State v. White, 35 Mo. 500; State v. Lacey, 111 Mo. 513; and State v. Scott, 172 Mo. 536, and on each occasion it has been ruled that when, giving credence to the evidence of the prosecutrix, the crime of rape was fully consummated, the jury were not warranted in convicting the accused of an assault with intent to commit a rape. Why the Legislature has seen fit to retain this, section in the same code with sections 2369 and 2370, is difficult to understand, but, as said in State v. Lacey, 111 Mo. 513, ''this is no reason why the court should nullify or ignore it.'' Giving full credit to the testimony for the State, it seems perfectly plain that the defendant was guilty of rape, but he was neither tried nor convicted of that offense, but merely of an attempt to commit, which the statute positively forbids. The circuit court, therefore, erred in not instructing the jury to find the defendant not guilty of the offense of assault with intent to rape. The evidence did not justify instructions for assault; it tended to prove a completed, consummated case of rape. For the errors noted the judgment must be and is reversed, and the cause remanded for such further steps as the prosecuting attorney may elect to take.

*Burgess, P. J.,* and *Fox, J.,* concur.