## THE STATE v. EDWARD F. CLARK, *alias* FRANCIS, Appellant.

### Division Two, June 8, 1909.

INSTRUCTION: Completed Crime: Instruction for Attempt. Where the evidence very clearly shows that the offense with which defendant is charged, namely, sodomy with a boy, was completed, and there is nothing in the evidence which tends to show an incomplete attempt to commit said offense, it is error to give an instruction for attempted sodomy.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. M. Kinsey,* Judge.

REVERSED AND REMANDED.

*Willis H. Clark* for appellant.

The instruction authorizing the conviction of defendant of the offense of attempted sodomy was not warranted by the evidence and the verdict finding him guilty of attempted sodomy was contrary to the evidence and not responsive to the issues under the evidence. A careful analysis of the evidence will disclose that whatever proof was made under the information tended to show that the completed offense had been perpetrated. We request special attention be given to the testimony of the victim, Ruby Alfend, showing his repeated assertions that the offense had been actually perpetrated upon him. There can be no conviction for an alleged attempt to commit an offense

upon proof which shows that if anything the completed offense was committed. State v. Scott, 172 Mo. 543; State v. Bell, 194 Mo. 267; State v. Harris, 199 Mo. 724.

*Elliott W. Major,* Attorney-General, and *John M. Atkinson,* Assistant Attorney-General, for the State.

(1) The court properly overruled the demurrer offered by appellant at the close of all the testimony. The crime as charged, or an attempt to commit the crime as charged, was proved beyond a reasonable doubt, and the insanity defense of appellant was one of fact to be submitted to the jury, as the court properly did in this cause. Insanity is a question of fact to be proved like any other fact. State v. Klinger, 43 Mo. 131; Kelley's Crim. Law (2 Ed.), sec. 38; Sherwood's Crim. Law, p. 777. (2) The question of insanity being one of fact for the jury, and the crime being proven, it then became a question of fact for the jury to determine, under proper instructions, whether appellant was sane or insane. State v. George, 113 S. W. 1118; State v. Dilts, 191 Mo. 665; State v. Miller, 191 Mo. 587; State v. Dusenberry, 112 Mo. 293; State v. Macks, 140 Mo. 656. (3) The court fully and correctly instructed the jury. Appellant was proven guilty.

BURGESS, J.—On June 28, 1906, the assistant circuit attorney of the city of St. Louis filed an information in the circuit court of said city, charging the defendant with having committed the crime of sodomy with one Ruby Alfend, a boy of the age of twelve years. Thereafter, upon trial had, he was found guilty of an attempt to commit said crime, and his punishment assessed at imprisonment in the penitentiary for a term of five years. Timely motions for a new trial and in arrest of judgment were filed by

the defendant, and the same having been overruled, an appeal was taken to this court.

The facts, briefly stated, are as follows: Defendant met the Alfend boy, who was engaged in selling newspapers, at the corner of Sixth and Olive streets, in the city of St. Louis, on the evening of June 27, 1906, and directed him to go into the alley between Lucas and St. Charles streets, and Broadway and Sixth street, and to wait there for him. The boy did as directed, and the defendant soon followed him, and, as the evidence shows, the crime was committed in said alley. A private watchman discovered the pair in the commission of the act, and immediately notified two policemen, who came to the scene of the crime and placed the defendant and the boy under arrest. The defendant appeared to be drunk at the time. He at first protested that he did not do anything, and then said there were "two sides to the case." At the trial it was shown that he had been drinking for a day or two prior to the date of the commission of the offense. The crime was not denied, and the only defense interposed was that of insanity.

It developed at the trial that the defendant was one of eleven children, only four of whom were then living; that his father, who died a few years previously at the age of sixty-four, was incapable of attending to his affairs for several years prior to his death, and was considered an imbecile; that an actor brother of the defendant became violently insane at the age of thirty-eight, and died soon afterwards in an insane asylum; that a sister of his also became insane at about the same age, and was still an inmate of the City Insane Asylum in St. Louis, having been there some eight years; that the defendant bore a striking resemblance to his father, as did also the insane brother and sister; that he had a living brother who was then manager of a shoe factory, and a sister, who

was a music teacher. The latter testified at the trial as a witness for the defendant.

Dr. John J. Ryan, a non-expert witness, testified that he had known the defendant twelve or fourteen years, and considered him weak intellectually. He further testified that from his knowledge of and acquaintance with the defendant he would not say that he was an insane man, but that he appeared to be really insane when under the influence of intoxicants, and was then entirely incapable of discharging his duties and obligations to himself or his fellows.

Dr. John H. Simon, an expert witness introduced on the part of the defendant, testified that he had examined the defendant once, and he gave it as his opinion that he was not then insane. However, in answer to a hypothetical question based upon the facts in evidence, including those in relation to the dementia of three of the defendant's near relatives and his own peculiar traits of character, the expert stated that in his opinion the defendant was irresponsible and incapable of distinguishing between right and wrong at the time of the commission of the offense.

The testimony further showed that the defendant was a house painter and had been working at his trade since the time of the alleged offense, and that nothing unusual had been observed in his conduct.

There is but one point presented by this appeal, and that is as to the correctness of instruction numbered 3, given by the court over the objection of the defendant. Said instruction reads as follows:

"If, under the first and second instructions given you above, you acquit the defendant of the completed offense charged in the information as defined in said instructions, then you will consider whether or not, under the evidence in this case, of which you are the sole judges, the defendant is guilty of an attempt to

commit said offense, and in this connection the court instructs you as follows:

"If you believe and find from the evidence in this case, in the light of the court's instructions, that at the city of St. Louis, in the State of Missouri, on or about the 27th day of June, 1906, or at any time within three years next before the filing of said information, the defendant, Edward F. Clark, alias Francis, did then and there wilfully, that is to say, intentionally, feloniously, and against the laws of nature, attempt to copulate or to have intercourse with the body of the said Ruby Alfend, in the manner defined in instruction one and two, given above, and in such attempt did any act or acts towards the commission of said offense, but failed in the perpetration thereof, or was prevented or intercepted in executing the same, then you will find the defendant guilty of an attempt to commit said detestable and abominable crime against nature, and so state in your verdict, and assess his punishment at imprisonment in the penitentiary for a term of not less than two years, and unless you so believe and find, you will acquit the defendant altogether. In this connection the court instructs you that acts done on the part of the defendant to constitute an attempt to commit the detestable and abominable crime against nature must have been such as was suited and adopted to carry into execution a purpose and design to accomplish the alleged crime. Whether such acts were committed by the defendant, and whether the acts testified to by the witnesses were as a matter of fact done by him, and if so done by him, what purpose he had in doing them, must be determined by the jury, and determining his intent or purpose, the jury should take into consideration what if anything the defendant may have said or done at the time, as well as all the surroundings, facts and circumstances shown by the evidence in this case."

It is contended that this instruction was not warranted by the evidence, and that the verdict, finding the defendant guilty of attempted sodomy, is contrary to the evidence and not responsive to the issue.

The evidence shows very conclusively that the offense with which the defendant stands charged was completed by him, and there is nothing in the evidence which tends in the slightest degree to show anything to the contrary. The instruction in question was foreign to any issue in the case, was unwarranted by the evidence, and should not have been given. [State v. Scott, 172 Mo. 536; State v. Bell, 194 Mo. 264; State v. Harris, 199 Mo. 716.] As the evidence did not justify an instruction for attempted sodomy, but did prove that the offense charged in the information was completed, the court erred in giving said instruction. The judgment is reversed, and the cause remanded.

All concur.