# THE STATE v. JAMES J. McCAFFERY, Appellant.

### Division Two, February 12, 1910.

**ATTEMPT TO COMMIT ARSON: Completed Offense.** Where the evidence is conclusive that the building was set on fire, that "the whole downstairs was afire" before the fire was extinguished, and that defendant was the perpetrator of the offense, there is no evidence upon which to predicate an instruction for attempted arson; and defendant having been found guilty of an attempt to commit arson in the first degree, an instruction submitting that issue to the jury was reversible error.

Appeal from St. Louis City Circuit Court.—*Hon. Geo. H. Shields,* Judge.

.REVERSED AND REMANDED.

*I. Joel Wilson* for appellant.

There can be no conviction for an attempt to commit an offense upon proof which shows that, if anything, the completed offense was committed. State v. Scott, 172 Mo. 536; State v. Bell, 194 Mo. 266; State v. Harris, 199 Mo. 716; State v. Clark, 221 Mo. 391. Under the evidence, either the defendant was guilty of the completed offense of arson or he was not guilty of any offense under the decisions above cited and sec. 2361, Revised Statutes 1899.

*Elliott W. Major,* Attorney-General, and *Chas. G. Revelle,* Assistant Attorney-General, for the State.

The evidence in the case is largely circumstantial, and tends to establish that some person saturated a quantity of rags with coal oil and placed them upon a box in the basement of the building underneath and next to the floor of the room used by the defendant for saloon purposes. They were so prepared and

placed in such position that, when ignited by any person or means, they would, of necessity, set fire to the building. The evidence tends to prove that these rags were so saturated and placed in this position by defendant. The evidence further discloses that some person set fire to these rags, and that this resulted in the burning of the hole in the floor. Whether fire was set to the rags at the same time they were placed in this position, does not clearly appear from the record. Whether the defendant, his bartender, or some other person of his own accord, set fire to the rags, was an equally mooted question, and one which it was the duty of the jury to settle. The defendant testified that he did "not set fire to the building," and while, in our opinion, the evidence was amply sufficient to establish the completed offense, the jury was, nevertheless, warranted in giving weight to part of defendant's evidence and finding him guilty of the lower crime. It is the duty of the court to instruct the jury upon every phase of the case developed by the testimony, and, if there is evidence to sustain the completed offense, and evidence tending to show that it was only an attempt on his part, and that the completed offense was committed by some other person, the court should, by appropriate instructions, submit both questions, and a conviction of the lower offense will not be disturbed, unless the evidence establishes so clearly the consummation of the offense as to leave no support for the conviction. This is the rule in cases where, under section 2361, Revised Statutes 1899, a person cannot be convicted of an attempt if it appears that the attempted offense was actually perpetrated by such person, but this section has no application to cases such as the one at bar. This court has given effect to both sections 2361 and 2369, R. S. 1899, and held that they are not in conflict. State v. Lacey, 111 Mo. 513. Section 2369 governs in cases where the indictment charges an offense consisting of different

degrees, while section 2361 is applicable to that class of crimes of which there are no degrees, such as rape. State v. Johnson, 91 Mo. 444; State v. Davidson, 73 Mo. 430; State v. Frank, 103 Mo. 122; State v. Scott, 172 Mo. 536. On numerous occasions this court has held that a defendant is in no position to complain because he was convicted of a lesser degree of murder, burglary, larceny, arson or other offense of which there are degrees, even if the testimony discloses his guilt of the higher crime, and there was no evidence warranting an instruction on the minor offense. State v. Jones, 106 Mo. 302; State v. Sebastin, 215 Mo. 78; State v. West, 202 Mo. 139; State v. Keeland, 90 Mo. 337. While the cases cited have reference to convictions of the lesser completed offense, yet the rule and principle governing therein are based largely upon sections 2369 and 2535, R. S. 1899, and the language of these sections is as specific in its reference and application to an attempt to commit an offense as it is to cases where the rule has been uniformly applied to the completed offense.

BURGESS, J.—The defendant and one Alvin J. Ross, by an information filed by the assistant circuit attorney of the city of St. Louis, were jointly charged with the crime of arson in the first degree. When the cause came on for hearing a severance was granted, and, after arraignment and plea of not guilty, defendant was tried and found guilty of attempt to commit arson in the first degree, and his punishment assessed at two years in the penitentiary. After unavailing motions for new trial and in arrest of judgment, the defendant was sentenced pursuant to the verdict, whereupon he appealed.

The testimony on the part of the State tended to prove that defendant was the proprietor of a dramshop occupying the first floor of a two-story building located at No. 2701 Park avenue, in the city of St.

Louis. The second story of this building was occu-
pied by a Mrs. Dill and her family, as a dwelling
house, and she, her son and a boarder were sleeping
there on the night in question. It had been the cus-
tom of the defendant, according to the testimony, to
close his saloon at about one a. m., but on the night of
May 8, or rather, the morning of May 9, 1908, the
saloon was found closed and locked at about 12:30 a.
m. At 1:20 a. m., a night watchman discovered smoke
coming from the basement of said saloon, and he im-
mediately ran towards the building. As he crossed
the street he saw the defendant and one Ross coming
out of the saloon through the front door, and while
the defendant was locking the door the watchman told
him that his place was on fire, and at the same time
called his attention to the smoke then pouring through
a trap door which led to the basement of the building.
Defendant and Ross walked to the trap door, and one
of them remarked that there was a fire, and that they
would go to the alarm box and turn in the alarm, the
said alarm box being about a block distant. After
waking up Mrs. Dill and her family and notifying
them of the fire, and discovering that neither the de-
fendant nor Ross had returned, the watchman went to
the alarm box referred to and turned in the alarm.
The fire department responded promptly, and when
the assistant chief and a fireman, who drove to the
fire in a buggy, reached a point about a block and a
half from the fire, they saw two men running in a di-
rection away from the saloon. Thinking that the
alarm which had been turned in was a false one, and
that the fleeing men were guilty of the offense, the
assistant chief and fireman got down from the buggy
and pursued them. At the corner of Jefferson and
Park avenues the men pursued parted, one going west
on Park avenue, and the other running north on Jef-
ferson. Both were soon caught, one of the men being
the defendant and the other Ross. They were taken

to the scene of the fire and were then committed to the care of a police officer. Neither man, when apprehended, nor while being taken to the saloon, said anything about the ownership of the property on fire. After the fire was extinguished an examination of the premises was made, when some partially burned rags and burlap, which smelled of coaloil, were found on the top of an ice box underneath the floor of the saloon. The top of the ice box was within a few inches of the floor, through which, and immediately above where the rags were found, a hole had been burned by the fire. The testimony was that but one alarm had been turned in from the alarm box above alluded to, and that was received at 1:25 a. m.

On the following day the defendant, while in custody, told the police officers that as he, in company with Ross, left the saloon at 12:45 o'clock that morning some one called his attention to the smoke coming from the building, but that he did not investigate the fire because he did not think it was any of his business; and further stated that, after leaving the saloon, he went to the Quoits Club, and finding it closed, he sat down on a bread box, where he remained until he saw the fire department coming, and then ran to see where the fire was.

It was shown by the testimony that the supplies, stock and equipment of the saloon, owned by the defendant, were insured for a thousand dollars.

On the part of the defendant the testimony tended to prove that about 12:30 o'clock that night defendant and Ross left the saloon, and that no smoke was at that time coming from the basement or other part of the building, and that the trap door leading to the basement was insecure, and could be opened by any person familiar with its condition.

The defendant testified that he did not set fire to the building; that he did not see the night watchman on the morning in question; that he was not informed

that his saloon was on fire, and that neither he nor Ross said anything about turning in an alarm. He further denied having made the statements attributed to him by the police officers after he was taken into custody. He testified that at the time he was apprehended by the assistant chief of the fire department he was running towards his saloon. Several witnesses testified to the good reputation of the defendant as a truthful and law-abiding citizen.

In his motion for new trial, and as one of the grounds therefor, defendant urges that the court committed error in giving to the jury an instruction on attempted arson, there being no evidence upon which to base such instruction.

The instruction in question is as follows: "If you find from the evidence that at the city of St. Louis, on or about the 9th day of May, 1908, or within three years next before the filing of the information herein, the defendant, James J. McCaffery, did wilfully attempt to set fire to and burn the house of one Andrew Parle, in said city of St. Louis, as charged in the information, and that there was in said house at the time some human being, and that said house was a dwelling house as defined in these instructions, and that he did any act towards the commission of such offense, but failed in the perpetration thereof, or was prevented or intercepted in executing the same, then you will find him guilty of an attempt to commit arson in the first degree and assess his punishment in the penitentiary for a term of not less than two nor exceeding ten years. Acts on the part of the defendant, to constitute an attempt in this case, must be shown by the evidence to be such as were constituted and adapted to carrying into execution the design to wilfully set fire to and burn the house of Andrew Parle, as charged in the information."

The jury, under this instruction, found the defendant guilty of an attempt to commit arson, and

assessed his punishment at imprisonment in the penitentiary for two years.

Section 2361, Revised Statutes 1899, provides: "No person shall be convicted of an assault with an intent to commit a crime, *or of any other attempt to commit any offense, when it shall appear that* the crime intended or *the offense attempted was perpetrated by such person* at the time of such assault or *in pursuance of such attempt."*

The evidence was conclusive that the building in question was set on fire by somebody. When the firemen arrived, according to the testimony, "the whole downstairs back of the bar was afire," and after the fire was extinguished rags and burlap, saturated with coaloil, and partially burned, were found immediately under a large hole made in the floor of the saloon by the fire. This was strong evidence that somebody had intentionally set fire to the building, and the evidence pointing to the defendant as the perpetrator of the offense, though such evidence was of a circumstantial character, was, we think, equally strong. There was no one suspected save the defendant and his companion, Ross, and the evidence fails to connect anybody else with the offense.

Under the evidence the defendant, if guilty of any offense, was guilty of the completed offense of arson in the first degree, as charged in the information, and there was no evidence upon which to predicate the instruction on attempted arson, which was, therefore, erroneous. [State v. Clark, 221 Mo. 391; State v. Scott, 172 Mo. 536; State v. Bell, 194 Mo. 264; State v. Harris, 199 Mo. 716.] The judgment is reversed, and the cause remanded. All concur.