LEEDY, C. J., DALTON, HOLLINGS-WORTH, HYDE and ELLISON, JJ., and CAVE, Special Judge, concur.

**STATE of Missouri, Respondent,**

v.

**Irby John BAKER, Appellant.**

No. 44228.

Supreme Court of Missouri.

Division No. 2.

Feb. 14, 1955.

Motion for Rehearing or to Transfer to Court en Banc Denied March 14, 1955.

132

Morris A. Shenker, Sidney M. Glazer, St. Louis, for appellant.

John M. Dalton, Atty. Gen., Donal D. Guffey, Asst. Atty. Gen., for respondent.

BARRETT, Commissioner.

The appellant, Irby John Baker, has been found guilty of an offense under the statutes relating to rape, V.A.M.S. §§ 559.190, 559.260, and sentenced to three years' imprisonment. As any reasonable jury could find, the fact was that on January 26, 1952, Baker, then aged sixty-two years, had sexual intercourse with Callista, age eight. With this simple fact and the innumerable precedents in similar circumstances it is not apparent how or why the case and this appeal became so perplexingly complicated.

The indictment charges that Baker "in and upon one Callista * * * unlawfully and feloniously did make an assault, with intent her, the said Callista * * * then and there unlawfully, *forcibly* and against her will, feloniously to ravish and carnally know * * *." The principal instruction submitted that Callista *"was on said date a female child under sixteen years of age"* and that Baker "did make an assault with the intent to unlawfully and feloniously ravish and carnally know the said Callista * * * and that he did any act or acts that were suited and adapted to carrying out or into execution a design to ravish and carnally know the said Callista * * * with the unlawful and felonious intention on the part of said defendant, Irby John Baker, to ravish and carnally know said Callista * * *." The instruction also defined "attempt to rape" and "attempt to carnally know." In addition, there was an instruction which informed the jury that if they found that Callista was under the age of sixteen years "then her consent to or failure to resist or make an outcry to any act or acts constituting an assault to ravish and carnally know her would constitute no defense in this case." The verdict of the jury was "We, the jury in the above entitled cause, find the defendant guilty of assault with intent to ravish and carnally know, as charged * * *."

In addition to other objections the appellant complains, both here and in his motion for a new trial, that the court erred in not sustaining his motions for an acquittal for the reason that the evidence is insufficient to sustain a conviction. Specifically his claim is that the indictment charges an assault with intent to commit *forcible rape* and does not allege Callista's age or that she was under the age of consent, and "The issue, therefore, is whether under an indictment charging assault with intent to commit forcible rape a conviction for an assault with intent to commit statutory rape can be sustained." It is claimed, since the charge is of an assault with intent to commit forcible rape and there is no statement in the indictment of the child's age or that she is under the age of consent, that a conviction cannot be sustained unless there is also proof of force and lack

of consent. In short, the claim is that there is a fatal variance in the indictment and the proof. In this connection it is said that the principal instruction was prejudicially erroneous for the reason that it did not hypothesize the crime charged in that it did not require force, and it does not hypothesize the facts constituting assault with intent to ravish. The instruction on consent, failure to outcry or resist is likewise criticized in detail. And, it is urged that the verdict finding the defendant guilty as charged is not responsive to the evidence as there is no evidence in this case showing an assault with intent to forcibly ravish Callista.

■■■ Under our statutes rape is either carnal knowledge of a female child under the age of sixteen years or the forcible ravishment of any woman over the age of sixteen. V.A.M.S. § 559.260. It is not necessary to say whether the two constitute separate, independent offenses, the important thing for the purposes of this opinion is that *force* is the essential element of one and *age* is the essential element of the other. McComas v. State, 11 Mo. 116; State v. Houx, 109 Mo. 654, 19 S.W. 35. It follows as of course that an attempt or an assault with intent to forcibly ravish a woman over the age of sixteen or to have carnal knowledge of a child under the age of sixteen is likewise an offense. State v. Wray, 109 Mo. 594, 19 S.W. 86; State v. Gilreath, Mo., 267 S.W. 880. But in all the instances when the victim is under the age of sixteen it is necessary to allege and the indictments and informations in the innumerable cases have stated the fact of the child's age or that she was under sixteen. State v. Hughes, 258 Mo. 264, 167 S.W. 529; 75 C.J.S., Rape, §§ 38(b), 39(d), 43(e), pp. 501, 504, 511. Once the offense, the attempt or the assault is alleged to have been committed upon a child under the age of sixteen force, consent and failure to outcry become immaterial even though force may be shown in some instances. State v. Bowman, 272 Mo. 491, 199 S.W. 161; State v. Davis, Mo., 190 S.W. 297; State v. Richardson, 349 Mo. 1103, 163 S.W.2d 956; State v. Rusow, Mo., 106 S.W.2d 429. The indictment in this case alleges force and it does not allege Callista's age or the fact that she was under sixteen, if it had alleged her age the fact of force could be ignored as surplusage. State v. Long, 341 Mo. 766, 108 S.W.2d 388; State v. Meinhart, 73 Mo. 562; McComas v. State, supra.

The questions presented by the circumstances of this record, the indictment charging force but failing to allege the child's age or that she was under the age of consent, the principal instruction omitting force but submitting that she was under the age of sixteen years, the verdict finding the defendant guilty of "assault with intent to ravish and carnally know, as charged," have not arisen in any jurisdiction in years and never before in this state. Heretofore in other jurisdictions it has been considered a fatal variance to allege an attempt or an assault with intent to rape by force without alleging the child's age and proving and submitting an attempt or an assault with intent to have carnal knowledge of a child under the age of consent. State v. Wheat, 63 Vt. 673, 22 A. 720; Bonner v. State, 65 Miss. 293, 3 So. 663; Warner v. State, 54 Ark. 660, 17 S.W. 6; State v. Johnson, 100 N.C. 494, 6 S.E. 61; Vasser v. State, 55 Ala. 264; 75 C.J.S., Rape, § 45, p. 514. In addition there is the problem and question of former jeopardy in the event of a former trial and acquittal upon one of the charges under these statutes. Annotation 119 A.L.R. 1205; State v. Winger, 204 Minn. 164, 282 N.W. 819, 119 A.L.R. 1202; State v. Oakes, 202 Mo. 86, 100 S.W. 434. But it is neither necessary nor desirable to dispose of this appeal upon this rather narrow basis.

Upon this record there was no "attempt to rape" and there was no "attempt to carnally know" and there was no assault with intent to carnally know except as these offenses may be included in the completed, greater offense of rape by carnal knowledge of a child under the age of consent. As indicated in the beginning the fact was that Baker, then aged sixty-two years had sexual intercourse with Callista, age eight. The appellant, in testifying on his own behalf, denied the act of sexual intercourse and categorically denied Callista's detailed

description of the occurrence. It is not necessary to set forth the details but there was no force and there was no consent in their ordinary connotation, Callista simply did what Baker told her to do. Despite his denials she was corroborated in many material respects by Baker's testimony. In addition, she was corroborated by his subsequent admissions to the police and by subsequent medical examination and evidence which revealed abrasions of the perineum and vaginal fornix and the presence of spermatozoa in the vaginal secretions. In short, the evidence, if accepted, plainly shows that any offense alleged to have been attempted or intended was in point of fact accomplished or completed.

■■ Applicable to this record, to the indictment, the proof, the instructions and the verdict is the general statutory provision: "No person shall be convicted of an assault with an intent to commit a crime, or of any other attempt to commit any offense, when it shall appear that the crime intended or the offense attempted was perpetrated by such person at the time of such assault or in pursuance of such attempt." V.A.M.S. § 556.160. On two occasions, especially in view of the general provisions relating to convictions for lesser offenses, V.A.M.S. §§ 556.220, 556.230, the wisdom of this statute has been questioned, State v. Bell, 194 Mo. 264, 267, 91 S.W. 898; State v. Lacey, 111 Mo. 513, 517, 20 S.W. 238, and yet it has remained in force since 1835. The meaning and policy of all these provisions, which may be construed together, is that "if substantial evidence shows the crime charged was consummated the defendant cannot be convicted of a mere *attempt*. He cannot go to the jury on a charge so light in the face of a prima facie case showing the graver offense was committed", State v. Gadwood, 342 Mo. 466, 491, 116 S.W.2d 42, 55–56, but must take the hazard of the severer, greater punishment, as in the case of rape. In State v. Lacey, supra, and in State v. White, 35 Mo. 500, the appellants were indicted, found guilty and sentenced, for an assault with intent to ravish a female under the age of consent. The evidence in both cases showed that if any crime was committed it was rape and not an attempt or an assault with intent to commit rape, and, applying these statutes the judgments were reversed and remanded. In State v. Scott, 172 Mo. 536, 72 S.W. 897, 900, the defendant was charged with rape upon a child under the age of consent but was tried and found guilty of an assault with intent to commit rape. In a divisional opinion it was held, by reason of Sections 556.220 and 556.230, that the defendant could not complain that he had been convicted of an assault with intent to commit rape even though the evidence disclosed that he was guilty of the completed offense. But the court in banc, without a dissenting vote, considered Section 556.160 fully and held that "if, as in this case, the only evidence of an assault to commit a rape is that which shows the crime was fully perpetrated, it falls within [Sec. 556.160] and it is error to submit the question of assault with intent to commit a rape." Conversely, in State v. King, 342 Mo. 975, 119 S.W.2d 277, 284, the appellant was convicted of rape upon a girl thirteen. Upon appeal one of his complaints was that the court had failed to instruct upon all the law of the case in that there were no instructions on attempted rape and, as objected here, common assault. The court said, 342 Mo. loc. cit. 988, 119 S.W.2d loc. cit. 284, "Since there was substantial evidence showing the rape was consummated the court was not authorized to instruct on attempted rape, in view of the express prohibition of the statute" (Sec. 556.160), and the offense being statutory rape there was no occasion for an instruction on common assault.

■ This is sufficient to dispose of the appeal but a word should be said about the evidence and the Uniform Business Records As Evidence Act. V.A.M.S. §§ 490.-660–490.690. This act has the purpose of avoiding "the antiquated technical" rules of the common law and it creates, under certain conditions, exceptions to the hearsay rule, but it does not make all records competent or dispense with certain fundamentals. State v. McCormack, Mo., 263 S.W.2d 344; Hancock v. Crouch, Mo.App., 267

S.W.2d 36. In this case some of the records were properly identified and received in evidence. But early in the trial of the case, in connection with some of the records, there were objections to records concerning information about particular exhibits for the reason that proper foundation had not been laid in that it did not appear where the exhibits came from and there was no proper identification of them. Callista's panties, worn immediately after her ravishment, were properly identified and accounted for, their possession was traced from the child to the police laboratories. The director of police laboratories made certain tests as to the type of blood on the panties and he compared that blood and those tests with a bottle of blood furnished by someone. He read or refreshed his memory from "a summary" but when asked whether the dried blood on the panties and the "wet blood" from the bottle came from the same person, he repeatedly said, "It could but I don't know whether it did." This is not to say whether any of this evidence was properly identified and admissible or whether it was inadmissible, but to illustrate as to all these matters, someone undoubtedly took the sample of blood from Callista and delivered it to the laboratory or the doctor and surely that person was available and could say what he or she did and establish the proper foundation by identifying and tracing the exhibit in such a manner that there could be no question concerning the identity of the exhibit and the corresponding matter contained in the reports.

For the reasons indicated the judgment is reversed and the cause remanded.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

ELLISON, P. J., LEEDY and TIPTON, JJ., and BROADDUS, Special, J., concur.