STATE of Missouri, Plaintiff-Respondent,

v.

Jerry Wayne McDARIS, Defendant-Appellant.

No. 51754.

Supreme Court of Missouri, Division No. 2.

Feb. 13, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, James A. Pudlowski, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Arch M. Skelton, Skelton & Bonacker, Springfield, for appellant.

BARRETT, Commissioner.

Jerry McDaris, Larry Miller and Tommy Slagle were jointly charged with burglary in the second degree, RSMo 1959, § 560.070, V.A.M.S. Specifically and in the language of the statute the information charged that on April 3, 1965, the three of them did "unlawfully, willfully, feloniously and burglariously break into and enter, by forcing open the north outside door of said building, the store of the M.F.A. Cooperative Association of Fair Play, Missouri, a corporation in Fair Play, Missouri, the same being a building in which divers money, goods, wares, merchandise and other valuable things were then and there kept for sale and deposited * * *." Upon a severance the appellant was separately tried but instead of submitting his guilt or innocence of the completed offense of burglary the state's principal instruction submitted that he did, against the will of the owner *"attempt* to break and enter into the M.F.A. Co-operative Association of Fair Play, Missouri, a corporation, by then and there *attempting* to pry open the north outside door of said building * * * and if you further find that the defendant did any overt act toward the commission of buglary *and that he failed in the perpetration of said offense or was prevented or intercepted in executing the same,* then the jury will find the defendant guilty of an *attempt* to commit the offense of burglary" and assess his punishment for the attempt rather than for burglary. (Emphasis supplied.) Compare RSMo 1959, § 560.095 and § 556.150, V.A.M.S. The jury returned a verdict finding the appellant "guilty as charged in the information" and fixed his punishment at three years' imprisonment. Among other grounds in his motion for a new trial

and here the appellant has two detailed assignments of error directed to Instruction 5 and his conviction of an attempt when the state's theory of the case and all the proof was that if the appellant was guilty at all he was guilty of the completed offense of burglary in the second degree. The basis of his assignment is § 556.160, RSMo 1959, V.A.M.S.: *"No person shall be convicted* of an assault with an intent to commit a crime, or *of any attempt to commit any offense, when it shall appear that the crime intended or the offense attempted was perpetrated by such person* at the time of such assault or in pursuance of such attempt." In response the state relies solely upon §§ 556.220 and 556.230, RSMo 1959, V.A.M.S., which permit the finding of guilt "of any degree of such offense inferior to that charged * * * or of an attempt to commit such offense, or any degree thereof" or the latter which permits a finding of guilt of "a less offense * * * the commission of which is necessarily included in that charged against him."

Briefly and only insofar as they may bear on the precise problem these were the incontrovertible facts established by the state, the defendant offered no evidence. At closing time on Saturday, April 3, 1965, the manager of the Fair Play M.F.A. locked all the doors and as he did intermittently tested the burglar alarm. Between 2 and 3 o'clock in the morning he was informed that the building had been broken into. When he met a deputy sheriff there the first thing he discovered was that the burglar alarm had been "tripped" and was run down and the west or middle door "was cracked" but not open enough for a man to go through. But when he went to the back door, an overhead door, it had been forced open and was off the track. The sheriff said, "The door had been pushed open, and out of the channel." The manager said that there were "fresh" pry marks "on the outside edge of the door." Two feed carts that had been upright in the evening were found overturned. An

assistant manager found one glove and a tire tool just inside the door on a feed bag and these articles did not belong to anyone connected with the exchange. Miller, separated from McDaris and Slagle and having reported that two soldiers had kicked him out of his automobile and stolen it, described his keys to the sheriff: "He said that they were on a chain, and there would be two keys, a class ring and a nail clipper on them." A deputy sheriff found these keys "Right on the inside of the door that was busted open, or pried open." When Miller and Slagle, driving appellant's automobile, were stopped by deputy sheriffs from Greene County the ignition had been wired around and Miller jerked the jump wire loose and threw it on the ground. The wire was preserved and it was a piece of the wire to the light on the license bracket from an M.F.A. truck parked in the building. Thus in these detailed circumstances unlike in State v. Pigques, Mo., 310 S.W.2d 942, there was an "entry" into the M.F.A. building and beyond question a completed burglary within the meaning of the statute (RSMo 1959, § 560.070, V.A.M.S.) and as charged in the information. State v. Smith, Mo., 357 S.W.2d 120. Here there was no interception or prevention (RSMo 1959, § 556.-150, V.A.M.S.), in short there is no evidence whatever of the specific offense of an attempt to commit burglary in the second degree. State v. Kiddoo, Mo., 354 S.W.2d 883; State v. Whitaker, Mo., 275 S.W.2d 322.

In view of the statutes relating to lower degrees of offenses (RSMo 1959, § 556.220, V.A.M.S.) and necessarily included offenses (RSMo 1959, § 556.230, V.A.M.S.), it has been argued on more than one occasion that § 556.160 (in force since 1855) serves no useful purpose but each time the court has said that there is "no reason why this court should nullify or ignore it." State v. Lacey, 111 Mo. 513, 517, 20 S.W. 238, 239; State v. Bell, 194 Mo. 264, 267, 91 S.W. 898, 899. These cases and others have pointed out that there is no conflict in the three statutes and in a leading case, State v. Scott, 172 Mo. 536, 544, 72 S.W. 897, 900, it was further pointed out that § 556.160 "does not in any manner prevent the conviction of one, charged with murder in the first degree, of murder in the second degree, or of manslaughter in any degree which is supported by the evidence, or of grand larceny on an indictment for robbery; nor does it prevent a conviction of any completed offense on an indictment therefor, even though the indictment might have been for another and greater offense, and the evidence would have sustained such indictment * * *." And absent proof of the completed offense it may be added that these rules also apply to an attempt to commit burglary. State v. Whitaker, 275 S.W.2d 322.

■ But when both the charge and proof are of a consummated offense, as a charge and proof of a consummated rape or carnal knowledge, for over one hundred years it has been held to be reversible error to submit and convict of an attempt to ravish. State v. White, 35 Mo. 500; State v. Baker, Mo., 276 S.W.2d 131; State v. Lacey, supra; State v. Bell, supra; State v. Scott, supra. Also in arson and sodomy, upon proof of completed offenses it has been held error to submit by instruction an attempt to commit either offense. State v. McCaffery, 225 Mo. 617, 125 S.W. 468; State v. Clark, 221 Mo. 391, 120 S.W. 21. In the latter case, except for the differences in the substantive offenses, the instruction hypothesizing "attempt" and "prevented or intercepted" is almost identical with Instruction S–5 complained of here. The enforced corollary of this rule is that upon proof of a consummated offense, as in murder or arson, the defendant is not entitled to an instruction on an attempt. State v. Gadwood, 342 Mo. 466, 116 S.W.2d 42; State v. Bobbitt, 242 Mo. 273, 146 S.W. 799.

■ It so happens that this appeal and State v. Pigques are the only burglary cases

that have been confronted with these three statutes. And in the Pigques case both the charge and finding were of an attempted burglary while here the charge and proof were of second degree burglary, the submission was of attempted burglary and the verdict was "guilty as charged." As noted, in the Pigques case it was held that "the evidence does not show the crime of burglary was fully perpetrated," on the contrary it was held that the evidence "justified the submission and supported the conviction of defendant of an attempt to commit burglary. Sec. 556.150, supra," and thus the force and effect of § 556.160 was avoided. In that case the appellant contended that the evidence was not sufficient to support attempted burglary and, therefore, by force of § 556.160 he could only be convicted, if at all, of the completed offense. Noting the rape cases, particularly State v. Scott, the court said, however, "If that question is answered in the affirmative, then, under all the evidence, we must conclude that defendant was shown to have perpetrated the completed offense of burglary, and, in that event, under the provisions of the foregoing statute, he could not have been properly convicted of an attempt. That is to say, if in this case the only evidence of an attempt to commit burglary is that which shows the crime of burglary was fully perpetrated, the case falls within the provisions of Section 556.160, supra, and the trial court's submission of the issue of defendant's guilt of the crime of attempted burglary was erroneous." (310 S.W.2d l. c. 944–945). And so in this case the charge having been of burglary in the second degree, the only offense established by the proof, the submission having been of an attempt to commit burglary, of which there is no proof, and the verdict having been "guilty as charged," the judgment is reversed and the cause remanded. State v. Clark, supra; State v. Lacey, supra; State v. McCaffery, supra, and State v. Baker, supra.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.