**STATE of Missouri, Respondent,**

v.

**Vernon TORRENCE, Appellant.**

**No. KCD 27077.**

Missouri Court of Appeals,
Kansas City District.

Feb. 3, 1975.

Willard B. Bunch, Henri J. Watson, Kansas City, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, J.

WASSERSTROM, Presiding Judge.

Defendant was charged by information in the Circuit Court of Jackson County, Missouri, with the crimes of rape and sodomy. He was tried before a jury and was found guilty on both counts. Having been charged as a Second Offender, the trial court sentenced him to twenty-five years in the Missouri Department of Corrections for each crime, the sentences to run concurrently. This appeal followed.

From the evidence presented at trial, the jury could have found beyond a reasonable doubt that in the early afternoon of June 10, 1973, the prosecutrix was driving an automobile northbound on Prospect Avenue in Kansas City, Missouri. She was accompanied by her three-year-old son, who was seated next to her. As she was stopped for a red traffic signal at 39th and Prospect, defendant entered the car on the passenger side, placed a can opener to her son's side, and ordered the prosecutrix to keep driving and not to stop. Defendant told her that if she did not obey him they would be killed.

They proceeded northbound on Prospect, and near the intersection of 25th and Prospect, defendant unzipped his pants and ordered prosecutrix to "play" with his genitals. After protesting, she obeyed. Defendant ordered her to keep driving, and ordered her to drive to an alley near 18th and Cherry. There, parked behind a building where they could not be seen by any other cars, he forced prosecutrix to commit an act of sodomy upon him and then raped her.

He then ordered prosecutrix to get up and drive. She obeyed. After purchasing some gasoline, he ordered her to drive to a spot beneath the Broadway bridge. However, after arriving there, he was not satisfied with that spot and ordered her to back up and turn around. He eventually led her to First and Delaware, where he again raped her and forced her to commit an act of sodomy upon him. Having accomplished his purposes, he then ordered prosecutrix to get up and dress and drive to 56th and Wabash. There, she let him out. Prosecutrix positively identified defendant as the man who perpetrated the acts heretofore described.

On appeal the defendant makes only one claim of error. He claims that the trial court erred in allowing the prosecutrix to testify about the rape and act of sodomy committed at First and Delaware, after the prosecutrix had already testified about the rape and act of sodomy committed in the alley near 18th and Cherry. He claims that such testimony amounted to proof of separate and distinct crimes with which he was not charged, and deprived him of his right to be tried solely for the crime with which he was charged. The State contended at trial, and contends on appeal, that the entire series of events were part of but one transaction and that the second incident of rape and sodomy was part of the res gestae.

■ Although the general rule is that in a criminal trial evidence of crime other than the one charged is inadmissible, as with most general rules there are certain well-recognized exceptions. "Where the proof of other offenses may tend to establish motive, or intent, or absence of accident or mistake, or identity of the defendant, or a common scheme or plan embracing the commission of separate similar offenses so interrelated to each other that proof of one tends to establish the other, such other offenses are widely held under these circumstances to be admissible in proof." State v. Kornegger, 363 Mo. 968, 255 S.W.2d 765, 768 (1953); State v. Shumate, 478 S.W.2d 328 (Mo.1972).

■ The evidence in this case clearly discloses that from the time defendant entered the car at 39th and Prospect, until he exited from the car at 56th and Wabash, he had prosecutrix under his power and control. The evidence points to but one conclusion—that defendant exercised power and control over prosecutrix to effect but one design and plan, namely, to make prosecutrix the victim of sexual excesses. In this context, what occurred in the alley near 18th and Cherry, and at First and Delaware, were but manifestations of this one common design and plan. As such, the whole continuous transaction should be viewed as one, and the separate acts of defendant were admissible. State v. Shumate, supra; State v. Katz, 266 Mo. 493, 181 S.W. 425 (1916). Under such a set of facts, to require the State to segregate and exclude the various actions by defendant would create a hiatus in an obviously continuing transaction. Such a hiatus would impede the painting of a complete and coherent picture of this one transaction, and would leave a part of the transaction open to speculation and conjecture. Under the well-reasoned authorities cited above, the State was not required to segregate and choose between defendant's various acts, because they all formed parts of the res gestae of the crime charged.

Affirmed.

All concur.