**STATE of Missouri, Respondent,**

v.

**Ronald Stanley KING, Appellant.**

No. 38356.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 4, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 15, 1979.

Application to Transfer Denied
Nov. 14, 1979.

Robert W. Meyers, Shaw, Howlett & Schwartz, Clayton, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

SATZ, Judge.

Defendant was convicted by a jury of sodomy and assault to do great bodily harm without malice aforethought. In accord with the jury's assessment of punishment, the trial court imposed a seven year sentence against defendant on the sodomy charge and imposed a four year sentence against him on the assault charge.

On appeal, defendant contends the trial court erred by: (1) denying his motion for judgment of acquittal at the close of all the evidence; (2) admitting proof of another crime into evidence; (3) failing to require the state to elect either the sodomy or assault charge for submission to the jury and instructing on both charges rather than instructing on one or the other of the two charges; and (4) failing to instruct on common assault, as a lesser and included offense of assault with intent to do great bodily harm without malice aforethought. For the following reasons, we affirm the judgment and sentence of the trial court.

Defendant first contends the trial court erred in denying his motion for judgment of acquittal at the close of all the evidence. To support this contention defendant argues the state's evidence is insufficient to prove an intent to commit an assault to do great bodily harm without malice aforethought, because the assault, if any, was committed by his striking the prosecutrix with his fists.

To determine the sufficiency of the evidence on this issue, we review the evidence in the light most favorable to the state, accept all substantial evidence and all sensible inferences drawn therefrom which tend to support the verdict, and reject all contrary evidence and inferences. *State v. Petrechko*, 486 S.W.2d 217, 218 (Mo.1972); *State v. Colthorp*, 437 S.W.2d 75, 76 (Mo. 1969).

So viewed, the evidence shows that the defendant, while driving a car in the City of St. Louis with a male passenger, stopped the car at Ninth and Soulard, and the prosecutrix approached the car, mistakenly believing defendant and his passenger to be friends of her children. Defendant's passenger pulled the prosecutrix into the backseat of the car and, from that time until they were arrested in St. Charles County, defendant and his passenger took turns sodomizing the prosecutrix and, also, beating her for refusing to be a compliant victim. In sequential detail: defendant's companion first sodomized the prosecutrix; defendant sodomized her; the companion struck her twice with his fists, then sodomized her; defendant sodomized her and struck her twice with his fists; and, just prior to the car being stopped by the St. Charles police, the companion again sodomized her and, at the same time, hit her repeatedly with his fists. When the car was stopped, the prosecutrix was crying loudly, her clothes were disarrayed and blood covered her blouse and was splattered all over her face.

Obviously, these facts reflect no direct evidence of defendant's intent. However, this is not unusual because intent is ordinarily inferred from other operative facts. Thus, the relevant circumstances surrounding the assault, *State v. Chevlin*, 284 S.W.2d 563, 566 (Mo.1955), the manner that the assault was committed, *State v. Crossman*, 464 S.W.2d 36, 41–42 (Mo.1971) and the nature and extent of the injuries inflicted, *State v. Duncan*, 499 S.W.2d 476, 478 (Mo.1973), are properly used to infer the intent with which an assault was made; and, when the relevant facts warrant it, an assault with intent to do great bodily harm may be committed by the use of fists. *State v. Himmelmann*, 399 S.W.2d 58, 60 (Mo.1966); *State v. Gardner*, 522 S.W.2d 323, 324 (Mo.App.1975).

**150**

In the present factual context, defendant's use of his fists is sufficient to support the requisite intent of an assault with intent to do great bodily harm without malice. *State v. Seemiller*, 558 S.W.2d 212, 216 (Mo.App.1977).

Defendant next contends that evidence of his sodomizing the victim prior to the sodomy with which he was charged was proof of another offense and, thus, was improperly admitted into evidence. Defendant made this specific objection for the first time in his motion for a new trial. Thus, he failed to preserve this objection for appellate review, *State v. Barron*, 465 S.W.2d 523, 529 (Mo.1971), and his objection is cognizable only under the plain error doctrine. Rule 27.20(c).

The trial court did not commit plain error. To the contrary, it committed no error at all, because the evidence of the prior sodomy was admissible.

As a general rule, evidence of a crime other than the crime charged is inadmissible. *See e. g., State v. Reese*, 364 Mo. 1221, 274 S.W.2d 304, 307 (1955). However, a well recognized exception makes evidence of other crimes admissible when that evidence "tend(s) to establish . . . a common scheme or plan embracing the commission of separate similar offenses so interrelated to each other that proof of one tends to establish the other . . .". *See e. g., State v. Kornegger*, 363 Mo. 968, 255 S.W.2d 765, 768 (1953). Equally well recognized, in our state, is the parallel exception which permits proof of another crime, if the other crime is so linked together in point of time and circumstances with the crime charged that one cannot be fully shown without proving the other, *e. g., State v. Shumate*, 478 S.W.2d 328, 330–331 (Mo.1972), *State v. Taylor*, 320 Mo. 417, 8 S.W.2d 29, 35 (1928).[1] Under this latter

exception, the state is permitted to paint a complete and coherent picture of the crime charged and it is not required to sift and separate the evidence and exclude the testimony tending to prove the crime for which defendant is not on trial. *State v. Sinovich*, 329 Mo. 909, 46 S.W.2d 877, 880 (1931); *see State v. Torrence*, 519 S.W.2d 360 (Mo.App. 1975).

In the present case, either of these two exceptions would justify the admission of the first sodomy into evidence. However, for our purposes here, the latter exception is particularly apt. The evidence in this case clearly shows there was a single continuing transaction which began when the prosecutrix was dragged into defendant's car and ended when the car was stopped. Defendant's acts of sodomy were interrelated and inseparable facts of this single transaction. As stated in the *Torrence* case, *supra*: l.c. 361

"  . . .  to require the State to segregate and exclude the various actions by defendant would create a hiatus in an obviously continuing transaction. Such a hiatus would impede the painting of a complete and coherent picture of this one transaction, and would leave a part of the transaction open to speculation and conjecture."

Thus, the state was not required to segregate and choose between defendant's acts of sodomy, and proof of his prior sodomy was properly admitted. *State v. Shumate, supra, State v. Taylor, supra.*

Defendant next contends, as couched in his language, that the trial court erred by not requiring the state to elect between the sodomy and assault charge for submission to the jury and by instructing on both of these charges rather than instructing on one or the other. Defendant rests

---

1.  As defined, the two exceptions are separate and distinct and not necessarily coordinate. However, we do not decide here whether they are actually separate and distinct exceptions, *see State v. Cox*, 508 S.W.2d 716, 722–723 (Mo.App.1974), and *compare State v. Davis*, 540 S.W.2d 122, 123–124 (Mo.App.1976), which, in certain fact situations, may become

intertwined and made coordinate, *see State v. Seemiller*, 558 S.W.2d 212, 215 (Mo.App.1977); *State v. Torrence*, 519 S.W.2d 360, 361 (Mo. App.1975), or whether the two exceptions are the same and the latter exception is merely a more refined and explicit statement of the former. *See State v. Garrison*, 342 Mo. 453, 116 S.W.2d 23, 24–25 (1938).

his contention on former § 556.160 RSMo (1969), which provided:

"No person shall be convicted of an assault with intent to commit a crime, or of any other attempt to commit any offense, when it shall appear that the crime intended or the offense attempted was perpetrated by such person at the time of such assault or in pursuance of such attempt."

Defendant misinterprets this statute and misapplies it to the present facts. The statute's meaning is simple and commonplace.[2] An attempt to commit an offense and an assault with intent to commit that offense are parts of the offense itself, and, since the whole of necessity includes all of its parts, it follows that a successful attempt to commit an offense or a successful assault with intent to commit that offense cannot possibly support two convictions—one for the part (attempt or assault) and the other for the whole (offense). According to former § 556.160 RSMo (1969), the charge and conviction should be for the offense itself if evidence of a consummated offense is clear, and a defendant cannot be convicted of an assault with intent to commit an offense or of an attempt to commit that offense if that offense has been completed. *See, e. g., State v. Baker*, 276 S.W.2d 131 (Mo.1955) and *State v. Charles*, 537 S.W.2d 855 (Mo. App.1976).

▇▇▇▇ However, in the present case, the state was not obligated to view the evidence from the peculiar perspective urged by defendant and charge and try him according to his wishes. Rather, under Missouri's separate offense rule, the state could properly charge and convict defendant of separate and independent offenses arising from the same transaction, *see, State v. Treadway*, 558 S.W.2d 646, 651 (Mo. banc 1977), and no extended dissertation is needed to show the offenses in question here—sodomy and assault to do great bodily harm—are indeed separate and independent offenses. *See State v. Johnson*, 549 S.W.2d 627, 631 (Mo.App.1971) and § 563.230 RSMo (1969) (sodomy); and *see State v. Williams*, 548 S.W.2d 227, 231–323 (Mo.App.1977) and § 559.190 RSMo (1969) (assault with intent to do great bodily harm). Since defendant was charged and convicted of two separate and independent offenses and was not charged and convicted, as the cited statute contemplated, with sodomy and an assault to commit sodomy or with an attempt to commit sodomy, his contention has no merit. *State v. Seemiller*, 558 S.W.2d 212, 216 (Mo.App.1977).

Defendant's final contention is that the trial court committed plain error in failing to instruct on common assault, as a lesser and included offense of assault with intent to do great bodily harm without malice aforethought.

▇▇▇▇ Of course, whether requested or not, the trial court was required to instruct the jury upon all questions of law necessary for their guidance in returning a verdict, § 546.070(4); Rule 26.02(6) and, since com-

---

**2.** Prior to the repeal of § 556.160 RSMo (1969), its wisdom and need had continuously been questioned by our courts, because of the existence of former § 556.220 RSMo (1969) (see present § 556.041 and § 556.046) permitting convictions of "lower degrees" of offenses and former § 556.230 RSMo (1969) (see present § 556.046) permitting convictions of "lesser and included" offenses. *See, e. g., State v. McDaris*, 411 S.W.2d 126, 128 (Mo.1967); *State v. Baker*, 276 S.W.2d 131, 134 (Mo.1955). However, the courts found no reason to nullify or ignore § 556.160 RSMo (1969), *see, e. g., State v. Lacey*, 20 S.W. 238, 239 (Mo.1892) and continued to apply it. *State v. McDaris, supra.* At times, the statute's meaning was stated to be " . . . unquestionably . . . a modification of the common law in criminal cases . . . that on an indictment for a major offense there may be a conviction for a minor, . . . provided, always, the minor is included in the major, and falls within the allegations of the indictment . . . ". *State v. Scott*, 172 Mo. 536, 72 S.W. 897, 899 (Mo.1903); *State v. Bell*, 194 Mo. 264, 91 S.W. 898 (Mo.1906). This explanation is more relevant to former § 556.220 and § 556.230 than to § 556.160, and § 556.160 is perhaps better explained as a reflection of the common law merger doctrine which, as the latter statute paraphrases, precludes a defendant from being convicted of an attempt to commit an offense or an assault with intent to commit an offense if that offense has been completed. *See*, Perkins, Criminal Law, Ch. 6, § 3 (1969).

mon assault is a lesser and included offense of an assault with intent to do great bodily harm without malice aforethought, *State v. Hammond*, 571 S.W.2d 114 (Mo. banc 1978), the trial court would have been required to instruct on common assault if the evidence warranted such an instruction. *State v. Surgeon*, 456 S.W.2d 293, 295 (Mo.1970).

However, on the present facts, we doubt that an instruction of common assault was required. Without restating the facts in detail, the evidence did show that defendant struck the prosecutrix with his fists after she had been sodomized by him and his companion and after his companion had hit her, with the degree of beating evidenced by blood splattered over her face and blouse. Taken in context, defendant's striking the prosecutrix is most sensibly construed as an assault with intent to do great bodily harm rather than common assault. Moreover, according to defendant, he was not guilty of any offense. He denied that he hit the prosecutrix and explained her injuries as resulting from his automobile hitting a guard rail on a bridge. On this record, defendant was either guilty of the assault submitted to the jury or he was not guilty of any offense, and no instruction on common assault was required. *State v. Washington*, 357 S.W.2d 92, 94–95 (Mo.1962); *State v. Howard*, 564 S.W.2d 71, 76–77 (Mo.App.1978).

Furthermore, the plain error doctrine urged by defendant requires a showing of "manifest injustice or miscarriage of justice", Rule 27.20(c), *State v. Richards*, 536 S.W.2d 779, 788 (Mo.App.1976). On the facts in this case, no manifest injustice or miscarriage of justice could have been caused by the failure to instruct on common assault, even if one assumes that such an instruction was required. *See State v. Seemiller, supra*, at 217.

The judgment is affirmed.

DOWD, P. J., and ALDEN A. STOCKARD, Special Judge, concur.