**STATE of Missouri, Respondent,**

v.

**John E. JONES, Appellant.**

**No. 43096.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 26, 1981.

Motions for Rehearing and/or Transfer to Supreme Court Denied July 10, 1981.

Application to Transfer Denied
Sept. 8, 1981.

Springfield Baldwin, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Presiding Judge.

Defendant appeals from a conviction of murder in the second degree in violation of § 565.008.2, RSMo 1978 for which he was sentenced to twenty years imprisonment. We affirm.

On January 3, 1979, defendant was involved in an argument with Veronica Harris at the Harris residence on St. Louis Avenue, City of St. Louis, Missouri. During the course of the argument, defendant hit Veronica, who was seven months pregnant, causing her to fall into the arms of Steven Simmons. Defendant tried to run away but was stopped by members of the Harris family and several friends. A fight ensued. Mrs. Georgia Harris broke up the fight and defendant left.

Sometime later, between forty-five minutes and three hours, defendant's sister,

brother, and a friend arrived at the Harris residence armed with a pistol and a knife. They threatened the occupants forcing them from the home. Meanwhile, Henrietta Harris heard a gunshot and headed toward her boyfriend, Steven Simmons', nearby home. Enroute, she encountered the defendant coming from the back of the Harris residence and holding a shot gun. Mrs. Georgia Harris also heard the shot fired. She ran to her backyard where she saw defendant's brother standing over Steven Simmons who had been wounded by a shot gun.

Four to five minutes later, the police arrived. Although uncertain as to whether the victim, Simmons, was still alive, they made efforts to revive him. The victim awoke, temporarily, and was asked, by the police, who shot him. The victim replied "Johnny shot me," lapsing again into unconsciousness. Shortly thereafter, Steven Simmons died on the operating table at Homer G. Phillips Hospital.

At trial, defendant pleaded, and presented evidence of, alibi but was convicted by a jury of murder second degree. Defendant now asserts error in the admission into evidence of the victim's statement as to who shot him and seeks review as "plain error" of the admission of evidence of the assault on Veronica Harris.

 Defendant's first point must be ruled against him. The victim's statement of the identity of his attacker was a spontaneous utterance and part of the res gestae. Testimony of police officers reciting victim's statement was properly admitted into evidence as an exception to the hearsay rule. The victim's statement "was made under circumstances which indicate that it [was] trustworthy." *State v. Rogers,* 585 S.W.2d 498, 504–505 (Mo.App.1979). The facts, as herein recited, demonstrate that the victim's statement was the result of the stress of nervous excitement produced by the shooting. *State v. Rogers, supra* at 504.

Defendant next complains of error in admitting evidence of another offense, to-wit: the assault on Veronica Harris. Defendant has failed to preserve this point but seeks review as "plain error" under Rule 29.12(b).

 Evidence of the incidents leading to the shooting death of Steven Simmons was admissible "to paint a complete and coherent picture of the crime charged . . ." *State v. King,* 588 S.W.2d 147, 150 (Mo.App. 1979). Although evidence of other offenses is not generally admissible, the events herein were so closely intertwined that proof of the murder of Steven Simmons necessitated proof of the assault on Veronica Harris. *State v. King, supra* at 150. Prosecutorial comments on this evidence were proper as comments on the evidence and reasonable inferences therefrom. *State v. Burroughs,* 559 S.W.2d 42, 43 (Mo.App.1977).

Defendant has failed to show any prejudicial error much less "manifest injustice or miscarriage of justice" required for Rule 29.12 (b) "plain error." Defendant's second point must also be ruled against him.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.