**STATE of Missouri, Respondent,**

v.

**Jack JONES, Appellant.**

No. 45189.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 19, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied
May 26, 1983.

Application to Transfer Denied
June 30, 1983.

Joseph W. Downey, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant appeals after his conviction, by a jury, of manslaughter in violation of § 565.005, RSMo.1978. The court found defendant to be a persistent offender and sentenced him to a term of 12 years' imprisonment. We affirm.

Defendant was charged with capital murder for the shooting death of Kim Keck. Defendant admitted killing Keck but maintained he had acted in self-defense.

The state introduced the following evidence. Ms. Dolores McCabe testified that around 10:30 p.m. on June 26, 1980, she was driving home when she heard the sounds of people running toward her car. She looked and saw one man running out in front and several others running a short distance behind him. The front-runner ran up to her car and, while the car was moving, grabbed onto the partially opened window on the driver's side and said, "Please help me, lady." Ms. McCabe drove a short distance farther and then heard a "booming noise," and the man fell off the side of her car. She drove home and contacted the police. When the police examined her car, they found blood and pellet holes on the driver's side. Later that evening, defendant telephoned a friend and told her that he had shot the man who had stabbed his brother a few months earlier. Defendant also told his friend "it was self-defense . . . that he couldn't let anyone hurt him or his family." There was undisputed evidence that, several months before his death, Keck had stabbed one of defendant's brothers.

Defendant testified that on the night in question he was parking his car in front of a tavern when he saw his brother run out of the tavern pursued by Kim Keck and others. Defendant stated he believed his brother was in danger so he looked in the back of the car, which he had borrowed from another brother, for a tire tool or some other weapon with which to scare his brother's pursuers. He found a shotgun, grabbed it, and took off in pursuit of the men chasing his brother. He did not know whether the gun was loaded. Defendant stated he ran until he came upon Kim Keck and the other men, and as he approached the men, he saw Keck raise his hand and point a pistol at him. Out of fear, defendant fired the shotgun. He saw Keck, knocked by the force of the blast, fall against the passing automobile that he later discovered belonged to Ms. McCabe.

In his sole point on appeal, defendant contends the trial court erred in overruling defendant's objection to the state's implication, during the opening statement and closing argument, that defendant acted in concert with others. Defendant asserts that the underlined portions of the following excerpt from the state's opening statement constituted an implication that defendant was also guilty of conspiracy, a separate and distinct crime with which he was not charged:

[Prosecuting attorney]: The state will show that on June the 26th of 1980, over a year ago, *that this defendant was one of a group of people who chased Kim Keck.* Kim Keck at that time was 23 years old.

[Defense attorney]: Your Honor, at this time I'm going to interpose an objection to Mr. Warzycki's statements, "In a group of people." He has pled this is a—not an accident with other people, but by himself.

THE COURT: Be overruled, it's opening statement. It's his statement of what he expects the evidence to be. You may proceed.

[Prosecuting attorney]: *The state will show that this group of people chased Mr. Keck and that Mr. Keck, in order to get away, jumped onto the side of a moving car. As he clung to the side of the car trying to get away, a shotgun blast fired at him from pretty close range hit him in the side of the chest and killed him.*

The state will prove that the man who fired that shotgun blast into Mr. Kim Keck was Mr. Jack Jones. And the state will show that the reason that Mr. Jones shot Mr. Keck was that in April of 1980, a couple months before the killing, Mr. Keck had gotten into an altercation with Mr. Jones' brother Roy. As a result of that altercation Mr. Keck had stabbed Mr. Jones' brother in the arm. And that is the reason that Mr. Jones killed Mr. Keck.

Defendant did not object at trial during the state's closing argument, but on appeal, contends the following statement was prejudicial for the same reason the underlined portions of the opening argument were prejudicial.

And when they caught him, they shot him. They shot him off the side of that car, ladies and gentlemen. Not an accident or self-defense, they shot him much as the same thing as if a hunter goes after a rabbit and catches him in the corner of that field. That was their aim, that was their intent.

■ Initially, we note the defendant has not properly preserved his objection to the statements made during the state's opening argument. At trial, defendant did not object to the admission of Ms. McCabe's testimony, nor does he challenge the admission of that testimony on appeal. We recognize the rule that counsel is not required to continually object to testimony of the same character after the court has indicated that such objections would be useless. *State v. Danner,* 490 S.W.2d 298, 301 (Mo. App.1973). However, in this case, we believe that, because defendant has failed to challenge the admissibility of Ms. McCabe's testimony either at trial or on appeal, he has waived any valid objection to the prosecutor's comments based on that testimony.

■ Further, even if we assume for the sake of argument that the underlined portions of the prosecutor's statement constituted an implication that defendant was guilty of the crime of conspiracy, we find the court did not err in overruling defendant's objection. Defendant correctly asserts the general rule that evidence of or reference to a crime other than the one with which a defendant is charged is not admissible. *State v. Shaw,* 636 S.W.2d 667, 672–73 (Mo. banc), *cert. denied,* —— U.S. ——, 103 S.Ct. 239, 74 L.Ed.2d 188 (1982). However, there are several well established exceptions to this rule. *State v. Howard,* 615 S.W.2d 498, 500 (Mo.App.1981). A separate crime may be "so linked together in point of time and circumstances with the crime charged that one cannot be fully shown without proving the other." *State v. King,* 588 S.W.2d 147, 150 (Mo.App.1979). "[T]he state is permitted to paint a complete and coherent picture of the crime charged and it is not required to sift and separate the evidence and exclude testimony tending to prove the crime for which defendant is not on trial." *Id.* Clearly, under this exception, the prosecutor's reference in his opening statement to defendant's being one of a group of pursuers was a proper recitation of what he expected his evidence to show.

■ We do find that the prosecutor's statement during closing argument was a misstatement of the state's evidence. While there was evidence that the defendant was among a group of people chasing the victim, there was no evidence to suggest that anyone but defendant shot the victim. However, the defendant did not object to the prosecutor's closing remarks, and further, we cannot see how defendant could have been prejudiced by this misstatement. The evidence clearly showed defendant himself shot the victim.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.