**STATE of Missouri, Respondent,**

v.

**Allen HASSLER, Appellant.**

**No. 48402.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 12, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 26, 1985.

Douglas L. Levine, Union, for appellant.

John Ashcroft, Atty. Gen., Thomas Carter, II, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Defendant-appellant, Allen Hassler, appeals his jury conviction on three counts of statutory rape under § 566.030.3 RSMo Cum.Supp.1984. The trial court sentenced the defendant to eight years imprisonment on each count to run consecutively. We affirm.

On appeal, defendant raises two points as grounds for reversal. He contends the trial court erred in granting the state's motion in limine prohibiting the defendant from introducing evidence of the eleven-year old prosecutrix's prior sexual activities. He next contends that the trial court erred in failing to declare a mistrial when the state introduced evidence that the defendant took nude photos of the victim arguing that this is evidence of other crimes.

The evidence developed by the state showed the following: The victim, age 11, lived downstairs from her married sister and her brother-in-law who is the defendant. The victim testified she visited her sister and defendant in October, 1982. She stayed overnight sleeping on a sofa bed. Around midnight, the victim was awakened when the defendant started fondling her and ultimately engaged in sexual intercourse. In February, 1983, the victim was again spending the night with her sister and defendant and defendant again had intercourse with the victim. On this occasion, over defendant's objection, the state introduced evidence that the defendant took nude photographs of the victim with his camera. The defendant had sexual intercourse with the victim for the third time in June, 1983.

The police officer testified that after defendant was arrested, he stated that "on the occasions, he touched her breasts with his hands, and he touched her vagina. He stated he placed his fingers in her vagina on different occasions." He denied every having sexual intercourse with the victim.

The deposition of Dr. Linda E. Seeck, who made a pelvic examination of the victim, was read into evidence. She stated her examination disclosed that the hymen was not intact. When asked what that indicated, she answered, "basically, it does not indicate much of anything." She added that where a hymen is not intact, the possibility exists that sexual intercourse occurred. She explained that there are numerous ways to cause a hymen not to be intact including the introduction of any foreign item like tampons, intercourse, or a straddle type injury early in life. The defendant did not testify or offer any witnesses on his behalf.

▬ Initially, defendant contends that the trial court erred by granting the state's motion in limine prohibiting the defendant from introducing evidence of the eleven-year old prosecutrix's prior sexual conduct i.e. intercourse with other brothers-in-law. Defendant offered such evidence seeking to rebut the state's evidence of the prosecutrix's ruptured hymen. Defendant argues that its evidence weakens the state's case as the prosecutrix testified at the preliminary hearing that she was "pretty sure"

sexual intercourse occurred between the defendant and her. The trial court refused to admit defendant's evidence pursuant to the mandate of Missouri's rape shield statute, § 491.015 RSMo 1978, which provides in part that in prosecution for the crime of rape, evidence of the complaining witness' prior sexual conduct is inadmissible.

In his brief, defendant correctly states that the statute creates only a presumption that evidence of a victim's prior sexual conduct is inadmissible. *State v. Brown,* 636 S.W.2d 929, 933 (Mo. banc 1982). Moreover, the statute delineates several exceptions. Defendant argues that the third exception [§ 491.015.1(3) ] applies, i.e. Evidence of immediate surrounding circumstances of the alleged crime.

The court in *State v. Salkil,* 659 S.W.2d 330, 333 (Mo.App.1983) stated that the legislative intention of this exception is to protect a defendant from a false claim of rape by prostitutes, among kindred others, and from a false charge of rape by a prosecutrix who consensually participated with the defendant. Here, in these statutory rape cases the consent of the victim was immaterial. The proposed evidence of intercourse by other brothers-in-law was not admissible as an exception to the general rule on the formal ground that the record indicates that the defendant neglected compliance with the condition of § 491.015(3) that a proposal of such evidence must be by written motion as well as by an offer of proof for determination in camera. The offer of proof was deficient and was at best a statement in the record that "there is evidence ... that she was assaulted by numerous other brother-in-laws and/or other persons." There was no identity of the other assailants or when the other assaults took place.

Nor was this evidence proper rebuttal "to show other reasonable hypotheses of how the hymen was broken." The state did not offer the evidence concerning the condition of the prosecutrix's hymen to establish that it was broken by defendant. Rather the evidence was offered to show that sexual intercourse was possible. The physician attributed little importance to the fact the hymen was not intact and opined that it only indicated the possibility of intercourse. The doctor then explained that there were numerous other ways a hymen could be ruptured besides intercourse. The court ruled correctly in excluding this evidence. The point is denied.

■ The defendant also contends that the trial court erred by overruling his objection to the state eliciting testimony from the prosecutrix as to matters concerning another crime for which he had not been charged. Her testimony indicates that on one occasion they not only engaged in sexual intercourse but also the defendant had the prosecutrix pose nude for photographs. The trial court overruled defendant's objection to this testimony because the photographs were taken contemporaneously with the act of intercourse. Defendant argues that the prejudicial effort of such evidence outweighs its probative value.

As a general rule, evidence of a crime other than the crime charged is inadmissible. *State v. King,* 588 S.W.2d 147, 150 (Mo.App.1979). A recognized exception to this general rule permits proof of another crime, if the other crime is so linked together in point of time and circumstances with the crime charged that one cannot be fully shown without proving the other. *King, supra,* at 150. In such a case, the state is not required to shift and separate the evidence and exclude the testimony, tending to prove the crime for which the defendant is not on trial. *King, supra,* at 150. Under this exception, the state is permitted to paint a complete and coherent picture of the whole transaction. *State v. Torrence,* 519 S.W.2d 360, 361 (Mo.App.1975). In the opinion of this court, taking nude photographs of the prosecutrix contemporaneously with an act of sexual intercourse falls within this recognized exception. Point denied.

CRIST and CRANDALL, JJ., concur.