**STATE of Missouri, Plaintiff-Respondent,**

v.

**Kenneth KENLEY, Defendant-Appellant.**

**No. 14174.**

Missouri Court of Appeals, Southern District, Division Three.

Nov. 26, 1985.

C.J. Larkin, Public Defender, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Thomas Carter II, Steven Hawke, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

Appellant appeals his convictions of three counts of robbery in the first degree, two counts of kidnapping, two counts of assault in the first degree and one count of stealing. Appellant received seven life sentences as well as a seven year sentence and a fine. The sentences were to run consecutively.

A brief sketch of the facts follows. For those interested, a more detailed recitation of the facts is found in *State v. Kenley,* 693 S.W.2d 79 (Mo. banc 1985), in which the Missouri Supreme Court affirmed appellant's capital murder conviction.

In the late hours of January 3 and the early hours of January 4, 1984, appellant embarked upon a crime spree which began in Poplar Bluff, Missouri, and ended in Corning, Arkansas. Appellant began by robbing a liquor store and taking a woman hostage. Appellant attempted to force her to sodomize him. At this she jumped out of the car and appellant then shot her in the back. A few minutes later, appellant entered a lounge and announced a holdup. While at the lounge he shot and killed one patron, cleaned out the cash register, shot and wounded the bartender and took another woman as a hostage. In an attempt to

get away, appellant forced the woman to drive her car. As they were leaving the parking lot, the woman managed to escape. Appellant then continued in the woman's car to a motel where he robbed the proprietor at gun point. When he attempted to take her as a hostage, her husband appeared and a scuffle ensued. Appellant managed to get out the door and escaped. The appellant was later apprehended by Arkansas authorities.

Appellant presents two points on appeal. The first point is that the trial court erred in admitting evidence of the homicide that occurred in the course of appellant's crime spree. He argues that he was not in this case being tried on that charge.

The general rule is that evidence of other crimes is inadmissible. However, there is a well recognized exception when the criminal conduct is part "of a continuous occurrence intimately connected with the crime for which the defendant is being tried." *State v. Garner*, 530 S.W.2d 420, 423 (Mo. App.1975); *State v. King*, 588 S.W.2d 147 (Mo.App.1979). "[T]o require the State to segregate and exclude the various actions by defendant would create a hiatus in an obviously continuing transaction." *State v. Torrence*, 519 S.W.2d 360, 361 (Mo.App. 1975). "Under this ... exception, the state is permitted to paint a complete and coherent picture of the crime charged and it is not required to sift and separate the evidence and exclude the testimony tending to prove the crime for which defendant is not on trial." *State v. King*, supra, at 150.

The record shows that the references to the homicide were made by witnesses describing the events which occurred in the lounge that evening. Their testimony did not dwell upon the homicide. It was referred to only to the extent necessary to relate the appellant's actions in logical fashion. The trial court did not err in admitting testimony relating to the homicide. *State v. King*, supra; *State v. Garner*, supra; *State v. Morris*, 523 S.W.2d 329 (Mo.App.1975).

By his second point, the appellant attacks the effectiveness of his appointed counsel. It is oft repeated that ineffective assistance of counsel will not be addressed on direct appeal where there is not a sufficient record for the court to determine the issue. *State v. Mitchell*, 620 S.W.2d 347 (Mo. banc 1981); *State v. Koetting*, 691 S.W.2d 328 (Mo.App.1985); *State v. Linhart*, 649 S.W.2d 530 (Mo.App.1983); *State v. Johnson*, 637 S.W.2d 290 (Mo.App.1982). The record in this case is insufficient for this court to decide the ineffective assistance of counsel claim. The judgment is affirmed.

PREWITT, C.J., CROW, P.J., and FLANIGAN, J., concur.