# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3559

_____

| | | |
|---|---|---|
| Anthony Criswell, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Tony Gammon, Superintendent; | * | Western District of Missouri. |
| Jeremiah (Jay) Nixon, Attorney | * | |
| General, State of Missouri; | * | [UNPUBLISHED] |
| Steve Moore, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: September 4, 2001
Filed: September 6, 2001

_____

Before HANSEN, FAGG, and BEAM, Circuit Judges.

_____

PER CURIAM.

In 1993, a Missouri state court jury convicted Criswell of second-degree burglary. The state trial court sentenced him to 16 years imprisonment, and denied his motion for postconviction relief. The Missouri Court of Appeals affirmed, see State v. Criswell, 907 S.W.2d 303 (Mo. Ct. App. 1995), and Criswell did not seek to transfer his case for discretionary review by the Missouri Supreme Court. Instead, he filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus in federal court.

After Criswell filed his federal habeas petition, the United States Supreme Court decided that the exhaustion-of-state-remedies doctrine requires a state prisoner to file for any available discretionary review in the state's highest court prior to filing for federal habeas relief.  See O'Sullivan v. Boerckel, 526 U.S. 838, 847-48 (1999).  On this basis, the district court dismissed Criswell's habeas corpus petition with prejudice, concluding that his failure to seek discretionary review by the Missouri Supreme Court constituted procedural default because the time for seeking such review had expired.  The district court granted Criswell a certificate of appealability on the issue of the applicability of O'Sullivan.

For the reasons stated in Dixon v. Dormire, Nos. 00-1215/1907/2047, 2001 WL 935877, at *5-7 (8th Cir. Aug. 20, 2001), we hold that O'Sullivan does not prevent the district court from considering Criswell's habeas petition because, between 1991 and 1999, the state consistently elected not to assert the failure to seek discretionary review as a defense in federal habeas cases.  Accordingly, we reverse and remand to the district court for consideration of the merits of Criswell's claims in the first instance.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.